IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SILVER SHIPS, INC.,** | \* |
| | \* |
| **Plaintiff,** | \* |
| v. | \* |
| | \*   **Civil Action No. 17-404** |
| | \* |
| **LOUIS T. CODEGA, P.E., an individual;** | \* |
| **CODEGA, NAVAL ARCHITECTS, P.C. and** | \* |
| **Fictitious Defendants, A, B, & C, being those** | \* |
| **persons or entities who negligently designed the** | \* |
| **vessels made the basis of this action; Fictitious** | \* |
| **Defendants, D, E, & F, being those persons or** | \* |
| **entities who negligently tested the design of the** | \* |
| **vessels made the basis of this action,** | \* |
| | \* |
| **Defendants.** | \* |

## NOTICE OF REMOVAL

To:   Peter S. Mackey, Esq.
      Burns, Cunningham & Mackey, P.C.
      P.O. Box 1583
      Mobile, Alabama 36633

      JoJo Schwarzauer, Circuit Clerk of Mobile County
      Mobile County Circuit Court-Civil Division
      Mobile Government Plaza
      205 Government Street
      Mobile, Alabama 36644

**Formerly Mobile County Circuit Court Case No. CV-2017-902118.00.**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants Louis T. Codega, P.E. (hereinafter, "Codega"), an individual, and Louis T. Codega, Naval Architect, P.C. (misidentified in the Complaint as "Codega, Naval Architects, P.C."[1]), formerly a professional

---

[1]   This error likely stems from the Virginia State Corporation Commission's online listing of Louis T. Codega, Naval Architect, P.C. as "CODEGA, NAVAL ARCHITECT, P.C., LOUIS T." *See* Virginia State Corporation Commission SCC eFile database at https://sccefile.scc.virginia.gov/Find/Business?SearchTerm

corporation organized under the laws of the Commonwealth of Virginia (hereinafter, "CNA"), give notice of and consent to the removal of this case from the Circuit Court of Mobile County, Alabama to this Honorable Court, and as grounds therefore state the following:

1.  This lawsuit was originally filed on August 8, 2017, in the Circuit Court of Mobile County, Alabama and assigned case number CV-2017-902118.00.  The Plaintiff named Codega and CNA) as the only known Defendants in the Complaint.

2.  Codega and CNA's former sole shareholder, officer, and director, Codega, were served with the Summons and Complaint on August 14, 2017.  The documents attached hereto, collectively, as **Exhibit 2** constitute a copy of the process, pleadings and orders served upon the Defendants in this action.

3.  This Notice of Removal is being filed "within 30 days after receipt by the defendant[s] . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b).  Accordingly, this Notice has been filed within the time allowed by law.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

4.  The Complaint asserts claims for "Architectural Mal-practice," "Breach of Contract," and "Breach of Warranty for a particular purpose," all in connection with the design of two vessels built by Plaintiff—one for the Southampton (NY) Fire & Rescue Squad, and one for the United States Army Corps of Engineers.  *See* Complaint *passim*.  Plaintiff asserts that "[a]s a direct and proximate cause of defendant's (including fictitious defendants) breaches of the standard of care, the breaches of the contracts with [Plaintiff] and the breaches of the implied warranties to [Plaintiff,] [Plaintiff] has been damaged in that it was required to redesign one vessel and rebuild both vessels at its own expenses.  In addition, [Plaintiff] lost the opportunity to

---

=codega&SearchPattern=K&as_fid=ba16649e9e99968cc873c2094c423b5012b9f32d (last accessed Sept. 7, 2017)(a hard copy is attached as **Exhibit 1**).  There never has been an entity named "Codega, Naval Architects, P.C."

pursue other projects while it was rebuilding both vessels." Complaint ¶ 18. Plaintiff seeks a money judgment but does not specify the amount of damages sought.

5.  The foregoing notwithstanding, from June 20, 2017 to June 23, 2017, counsel for Codega corresponded by email with Plaintiff's counsel, who, over the course of that email correspondence, claimed that Plaintiff was entitled to $546,805.53 in damages, an amount well in excess of the $75,000.00 threshold for the diversity jurisdiction of this Court under 28 U.S.C. § 1332.  *See* **Exhibit 3**, attached hereto, for the June 20-23, 2017 email correspondence between counsel in this matter regarding Plaintiff's "cost estimates."

6.  Pursuant to 28 U.S.C. § 1446(d), Codega has this day served a copy of this Notice on the Clerk of the Circuit Court of Mobile County, Alabama, by filing it with that court's electronic filing system.

## DIVERSITY JURISDICTION

7.  This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

8.  To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

9.  In this lawsuit, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441(b). Removal to this Court is proper under 28 U.S.C. § 1441(a) as this is the district court of the United States for the district and division embracing Mobile, Alabama — the place where the action is pending.

**I.     The Plaintiff is Completely Diverse from the Named Defendants.**

10. The Plaintiff, Silver Ships, Inc., is a corporation organized and existing under the laws of Alabama with its principal place of business located in Alabama. *See* Complaint at ¶ 1.

11. Defendant Louis T. Codega is a resident and citizen of the Commonwealth of Virginia. *See* Complaint at ¶ 2.

12. Louis T. Codega, Naval Architect, P.C. formerly was a professional corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business also located in the Commonwealth of Virginia. *See* Declaration of Louis T. Codega and its attached Certificate of Fact from the Virginia State Corporation Commission, a true copy of which is attached hereto as **Exhibit 4**. Louis T. Codega was the sole shareholder and director of CNA. *See id*. CNA was terminated on June 1, 1999, and its corporate existence was purged from the records of the Virginia State Corporation Commission on June 30, 2004. *See id*. CNA's citizenship is determined solely by its state of incorporation, Virginia. *See Holston Investments, Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012)(dissolved corporation was a citizen only of its state of incorporation, and it did not have a principal place of business); *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 740 (7th Cir. 2004)(a professional corporation is treated like any other corporation for purposes of citizenship determinations). In any event, whether determined by its state of incorporation or by its (former) principal place of business, CNA's citizenship is Virginia.

13. The Fictitious Defendants A, B, C, D, E, and F have not been identified and as such their citizenship is unascertained. In any event, "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

14. Because the state of citizenship of the Defendants actually named and identified in the Complaint (Virginia) is completely diverse from Plaintiff's state of citizenship (Alabama), complete diversity of citizenship exists in this case.

## II. The Amount in Controversy Exceeds $75,000.00.

15. In its Complaint, Plaintiff demands judgment against Defendants on claims of "Architectural Mal-practice", "Breach of Contract", and "Breach of Warranty for a particular purpose". However, the Plaintiff did not specify the amount of damages to which it claims to be entitled. *See* Complaint ¶¶19, 22, 25.

16. Here, the amount in controversy clearly exceeds $75,000.00 exclusive of interest and costs. Plaintiff's counsel has represented to Codega that he believes Plaintiff is entitled to $546,805.53, based on damages calculations set forth in a pre-suit email. *See* **Exhibit 2.** While, at this stage, Codega and CNA are not required to submit proof of the amount in controversy, based on the circumstances of the case and Plaintiff's counsel's representations of the damages he has calculated, the preponderance of the evidence demonstrates an amount in controversy in excess of the jurisdictional amount. *See* 28 U.S.C. § 1446(a); *Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Gates v. 84 Lumber Co.*, No. 15-0076-WS-N, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015)("the plaintiff's allegations and interrogatory response, combined with the reasonable deductions, inferences and extrapolations therefrom and viewed through the lens of judicial experience and common sense, make it abundantly clear that [defendant] has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold"); *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001))("If the amount in controversy is

not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'").

17.   Given the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, 1446, *et seq*.  *Lowery*, 483 F.3d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

## SUPPLEMENTAL JURISDICTION

18.   To the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

Respectfully submitted,

/s/ Norman M. Stockman
NORMAN M. STOCKMAN (STOCN9440)
Attorney for Defendants Louis T. Codega, P.E. and Louis T. Codega, Naval Architect, P.C. (misidentified as "Codega, Naval Architects, P.C.")

OF COUNSEL:

HAND ARENDALL LLC
P.O. Box 123
Mobile, AL 36601
Tel:   (251) 432-5511
Fax:   (251) 694-6375
Email: nstockman@handarendall.com

Christopher A. Abel (PHV to be filed)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
Tel:   (757) 628-5547
Fax:   (757) 333-3547
Email: cabel@wilsav.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to counsel of record as follows:

Peter S. Mackey
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama 36633
Psmackey@bcmlawyers.com

/s/ Norman M. Stockman
NORMAN M. STOCKMAN (STOCN9440)