# EXHIBIT 2

State of Alabama
Unified Judicial System
Form C-34   Rev. 4/2017

**~~COPY~~** SUMMONS
- CIVIL -

**Court Case Number**
02-CV-2017-902118.00

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### SILVER SHIPS, INC. V. LOUIS T. CODEGA, P.E. ET AL

**NOTICE TO:** CODEGA, NAVAL ARCHITECTS, P.C., 64 DASHIELL DRIVE, SMITHFIELD, VA 23430

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
PETE S. MACKEY                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 1583, MOBILE, AL 36633

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

- [ ] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.
- [x] Service by certified mail of this Summons is initiated upon the written request of SILVER SHIPS, INC.

  *[Name(s)]*

  pursuant to the Alabama Rules of the Civil Procedure.

| 8/9/2017 3:22:47 PM | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

- [x] Certified Mail is hereby requested.

/s/ PETE S. MACKEY
*(Plaintiff's/Attorney's Signature)*

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C939
205 Government Street
Mobile, Alabama 36644-2936

### RETURN ON SERVICE

- [ ] Return receipt of certified mail received in this office on _____.

  *(Date)*

- [ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

  _____ in _____ County,

  *(Name of Person Served)*                                    *(Name of County)*

  Alabama on _____.

  *(Date)*

_____          _____          _____
*(Type of Process Server)*                   *(Server's Signature)*                      *(Address of Server)*

_____          _____
*(Server's Printed Name)*                    *(Phone Number of Server)*

ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>02<br><br>Date of Filing:<br>08/09/2017   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### SILVER SHIPS, INC. v. LOUIS T. CODEGA, P.E. ET AL

**First Plaintiff:** ☑ Business ☐ Individual   **First Defendant:** ☐ Business ☑ Individual
☐ Government ☐ Other                      ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a Jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
MAC012      8/9/2017 3:22:27 PM          /s/ PETE S. MACKEY
                Date              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☑ YES ☐ NO ☐ UNDECIDED

ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **SILVER SHIPS, INC.** | |
|      **Plaintiff,** | **Case No.** |
| **v.** | |
| **LOUIS T. CODEGA, P.E.,** an individual; **CODEGA, NAVAL ARCHITECTS, P.C.** and Fictitious Defendants, A, B, & C, being those persons or entities who negligently designed the vessels made the basis of this action; Fictitious Defendants, D, E, & F, being those persons or entities who negligently tested the design of the vessels made the basis of this action, | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
|      **Defendants.** | |

## COMPLAINT

1.     Plaintiff, **Silver Ships, Inc.** is a Alabama Corporation headquartered in Mobile County, Alabama and which, at all times pertinent hereto, were doing business in Mobile County, Alabama.

2.     Defendant **Louis T. Codega, P.E.,** an individual, is an adult citizen of Virginia, who, at all times pertinent hereto, was doing business in Mobile County, Alabama. Codega held himself out, to Silver Ships in particular and to the public in general, as being an able and skilled naval architect, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances, and that he was well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

3.     Defendant **Codega, Naval Architects, P.C.** is a professional corporation that, at

all times pertinent hereto, was doing business in Mobile County, Alabama.  Codega, Naval Architects, P.C. held itself out, to Silver Ships in particular and to the public in general, as being an able and skilled naval architectural firm, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances, and that it was well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

4.     Fictitious Defendants, A, B, & C, whose name or identity is presently unknown, but will be added by amendment when ascertained, are adult citizens or entities who were involved in designing the vessels made the basis of this action. Fictitious Defendants held themselves out, to Silver Ships in particular and to the public in general, as being able and skilled naval architects, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances and that they were well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

5.     Fictitious Defendants D, E. & F, whose name or identity is presently unknown, but will be added by amendment when ascertained, are adult citizens or entities who were involved in testing the design of the vessels made the basis of this action. Fictitious Defendants held themselves out, to Silver Ships in particular and to the public in general, as being able and skilled naval architects, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances and that they were well able to conduct proper and adequate testing the design of the vessels made the basis of this action.

2

# FACTUAL ALLEGATIONS

6.     In the summer of 2015, Codega orally contracted with, and impliedly warranted to, Silver Ships to adequately and properly design two vessels that would be in full compliance with each customer's specifications and intended use.  The first project - F47200 - was for the South Hampton (NY) Fire & Rescue Squad, which Silver Ships had been awarded a fixed price contract with in May of that same year.

7.     The Southampton vessel was to be used by the town's harbor police and was designed with a dive door on the side of the boat to recover people from the water.  During the late summer and early fall, Codega designed and modeled the South Hampton vessel.

8.     Silver Ships was awarded a fixed price contract to build the second vessel - N47700 - by the USACE – Philadelphia (Corps) on November 13, 2015.  Thereafter, Codega designed and modeled that vessel.

9.     For each boat project, Silver Ships had a series of discussions with Codega regarding the customer's specifications and usage requirements.

10.     In early January of 2016, the South Hampton vessel was sea trialed at the customer's location and both Silver Ships and the customer discovered that vessel did not properly operate for its intended use because of stability issues.  Codega did not attend those sea trials.

11.     Silver Ships made Codega aware of the problem and Codega offered various suggestions for a solution.  He suggested changes that resolved the instability issues while the vessel was running, did not render the vessel compliant with its intended use when it was not moving.

3

12.     In early February of 2016, after further testing, Silver Ships determined that the instability problems in the Southampton vessel could not be fixed and that it needed to be rebuilt. At its own expense, Silver Ships did so and delivered a vessel to the customer that met its specifications and was suitable for its intended use.

13.     During sea trials of the Corps vessel in late September of 2016, the vessel demonstrated maneuvering instability.  In addition, the vessel was not in compliance with the Coast Guard contract requirements for floatation instability.   This non-compliance was documented by Codega himself when he conducted an inclining experiment on October 3, 2016 in the waters off of Mobile County, Alabama.

14.     On October 12, 2016, the Coast Guard sent a cure notice to Silver Ships noting the vessel's maneuvering instability and its non-compliance with contract requirements for floatation and stability.  The Corps additionally noted that it did not find it acceptable to cure the problem by adding 1,400 lbs. of hull ballast because the vessel was designed to provide shallow draft and high speed stability.

15.     Thereafter, at its own expense, Silver Ships redesigned and rebuilt the Corps vessel.  To date, the vessel has not been accepted by the Corps.

## COUNT I

### (Architectural Mal-practice)

16.     Plaintiff adopts the averments contained in paragraphs 1 through 15 by reference as if fully set out herein.

17.     Codega and Codega, Naval Architects, P.C., as well as the Fictitious Defendants, were negligent in the design, testing and resolution process for the two vessels made the basis of

this action, as described above, such that the work fell below the level of reasonable care, skill and diligence as other similar situated naval architects in the same general line of practice ordinarily have exercised in like situations.

18.     As a direct and proximate cause of defendant's (including fictitious defendants) breaches of the standard of care, the breaches of the contracts with Silver Ships and the breaches of the implied warranties to Silver Ships, Silver Ships has been damaged in that it was required to redesign one vessel and rebuild both vessels at its own expense.  In addition, Silver Ships lost the opportunity to pursue other projects while it was rebuilding both vessels.

19.     As a direct and proximate result thereof, Silver Ships was damaged described herein.

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its losses, plus interest and costs.

## COUNT II

### (Breach of Contract)

20.     Plaintiff adopts the averments contained in paragraphs 1 through 19 by reference as if fully set out herein.

21.     By failing to adequately and properly design the two vessels made the basis of this action in full compliance with each owner's specifications and intended use, defendants, including  fictitious defendants, breached their contracts with Silver Ships.

22.     As a direct and proximate result thereof, Silver Ships was damaged as alleged herein.

5

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its damages, plus pre-judgment interest and costs.

**COUNT III**

**(Breach of Warranty for a particular purpose)**

23.     Plaintiff adopts the averments contained in paragraphs 1 through 22 by reference as if as if fully set out herein.

24.     By failing to adequately and properly design the two vessels made the basis of this action for their intended use defendants, including fictitious defendants, breached their implied warranties for a particular purpose.

25.     As a direct and proximate result thereof, Silver Ships was damaged as alleged herein.

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its damages, plus pre-judgment interest and costs.

Respectfully submitted,


/s/ Peter S. Mackey
PETER S. MACKEY (MAC012)
Psmackey@bcmlawyers.com

**OF COUNSEL:**
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612/Facsimile (251) 432-0625

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

LOUIS T. CODEGA
64 Dashiell Drive
Smithfield, VA  23430


Codega, Naval Architects, P.C.
64 Dashiell Drive
Smithfield, VA  23430

Revised 4-1-99; 11-1-99; 11-3-05

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____     *

_____     *
            Plaintiff,        *
                              *    CIVIL ACTION NO. CV-17-902118
vs.                           *
                              *
_____     *
                              *
_____     *
            Defendant,        *

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.      EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.      DOCTOR, HOSPITAL AND MEDICAL EXPENSES

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

11.   <u>CONFLICTS</u>

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____9th_____ day of _____August, 2017._____

_____
Presiding Judge John R. Lockett



AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE     COUNTY

ORDER FOR SERVICE AND RETURN

CV 2017 902118.00
JAMES T. PATTERSON

-----------------------------------------------------------------------------

IN THE CIRCUIT COURT OF   MOBILE     COUNTY

SILVER SHIPS, INC. V. LOUIS T. CODEGA, P.E. ET AL

SERVE ON:  D002

CODEGA, NAVAL ARCHITECTS, P.C.
64 DASHIELL DRIVE

SMITHFIELD     ,VA  23430-0000

NOTES:
    YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

-----------------------------------------------------------------------------
TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
           YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
           TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
08/10/2017  DATE          CLERK: JOJO SCHWARZAUER        BY
                                 205 GOVERNMENT STREET
                                 MOBILE AL  36644-2936
                                 (251)574-8420

-----------------------------------------------------------------------------

  I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
    DOCUMENT IN _____ COUNTY, ALABAMA
    TO:

    _____            SIGNATURE OF SERVER

    _____

    NAME / ADDRESS ABOVE                DATE _____

-----------------------------------------------------------------------------
OPERATOR: RUP
PREPARED: 08/10/2017

ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**SILVER SHIPS, INC.**

    **Plaintiff,**

**v.**

**LOUIS T. CODEGA, P.E., an individual; CODEGA, NAVAL ARCHITECTS, P.C.** and Fictitious Defendants, A, B, & C, being those persons or entities who negligently designed the vessels made the basis of this action; Fictitious Defendants, D, E, & F, being those persons or entities who negligently tested the design of the vessels made the basis of this action,

    **Defendants.**

**Case No.**

**TO BE SERVED WITH COMPLAINT**

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS

---

Pursuant to Rule 26 and 33 of the *Alabama Rules of Civil Procedure*, Plaintiff **SILVER SHIPS, INC.** submits the following Interrogatories to Defendants **LOUIS T. CODEGA, P.E.,** and **CODEGA, NAVAL ARCHITECTS, P.C.** and requests that the Answers to these Interrogatories and Requests for Production be served in writing and under oath within the time provided by the *Alabama Rules of Civil Procedure*. Said responses to these Interrogatories are to be served upon Plaintiff's attorney of record, Peter S. Mackey, Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36653 on or before the expiration of time periods provided by the Alabama Rules of Civil Procedure.

### <u>INTERROGATORIES</u>

1.    Fully identify all persons who provided information or documents used in

answering these interrogatories, their address, job title and/or position, in answering to these responses.

**RESPONSE:**

2.  Please state if you have been properly named in the complaint.

**RESPONSE:**

3.  Identify each person involved in the design, testing or problem resolution processes of the vessels made the basis of this lawsuit.

**RESPONSE:**

4.  For each person identified in Interrogatory 3 above, describe their role in the such processes and identify all documents which evidence or reflect such role.

**RESPONSE:**

5.  Identify each person you expect to call as an expert witness at the trial of this cause by giving their name, present address and present employment.

   a.  State the subject matter on which such expert or experts are expected to testify.

   b.  State the substance, facts and opinions to which such expert or experts are expected to testify.

   c.  Set forth a summary of the grounds for each opinion of such expert or experts.

   d.  Set forth a list of books, treatises, articles or other works which such expert regards as an authoritative on the subject matter on which he or she is expected to testify.

**RESPONSE:**

2

6.    If you denied or failed to fully admit any allegation of the plaintiff's complaint then as to each such allegation please state the following:

    a.    What you contend to be the true facts with regard to that allegation.

    b.    Identify individuals who you have reason to believe have knowledge that support your denial or partial denial of that allegation.

    c.    Produce a copy of each document that in any way supports your version of the facts.

**RESPONSE:**

7.    As to any affirmative defense you have asserted, please state:

    a.    All facts upon which you rely in support of that affirmative defense.

    b.    Identify all individuals who you have reason to believe have knowledge that support your affirmative defense.

    c.    Produce documents that you have reason to believe support your affirmative defense.

**RESPONSE:**

8.    If you contend that Silver Ships did anything, or failed to do anything, that caused or contributed to its loss, describe in detail what Silver Ships did or did not do and identify all documents which evidence or reflect such contention.

**RESPONSE:**


## REQUESTS FOR PRODUCTION

3

1.      Produce all documents identified in your interrogatory responses served herewith.

**RESPONSE:**

2.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to ISO 1227-1 completed before January 6, 2016.

**RESPONSE:**

3.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any other design standards completed before January 6, 2016.

**RESPONSE:**

4.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any design standards completed after January 6, 2016.

**RESPONSE:**

5.      For the Corps vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any design standards completed before September 27, 2016.

**RESPONSE:**

4

6.      For the Corps vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according any design standards completed after September 27, 2016.

**RESPONSE:**

7.      Produce all documents which evidence or reflect communications between the defendants, or any employees or representatives thereof, and Silver Ships.

**RESPONSE:**

8.      Produce all documents which evidence or reflect communications between the defendants, or any employees or representatives thereof, and any third parties regarding the design, testing or resolution of issues related to either vessel made the basis of this action.

**RESPONSE:**

9.      As to the South Hampton vessel, produce all documents which evidence or reflect weight estimates and loading condition calculations done by the defendant.

**RESPONSE:**

10.     As to the Corps vessel, produce all documents which evidence or reflect weight estimates and loading condition calculations done by the defendant.

**RESPONSE:**

11.     For each vessel, produce all plans and drawings prepared by the defendant.

**RESPONSE:**

Respectfully submitted,

/s/ Peter S. Mackey
PETER S. MACKEY (MAC012)
Psmackey@bcmlawyers.com

**OF COUNSEL:**
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612/Facsimile (251) 432-0625

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**LOUIS T. CODEGA**
**64 Dashiell Drive**
**Smithfield, VA  23430**


**CODEGA, NAVAL ARCHITECTS, P.C.**
**64 Dashiell Drive**
**Smithfield, VA  23430**

6

State of Alabama
Unified Judicial System
Form C-34   Rev. 4/2017

COPY

**SUMMONS**
**- CIVIL -**

**Court Case Number**
02-CV-2017-902118.00

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
SILVER SHIPS, INC. V. LOUIS T. CODEGA, P.E. ET AL

**NOTICE TO:** LOUIS T. CODEGA, P.E., 64 DASHIELL DRIVE, SMITHFIELD, VA 23430

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE
ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR
OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND
DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
PETE S. MACKEY

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 1583, MOBILE, AL 36633

*(Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR
OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SILVER SHIPS, INC.
pursuant to the Alabama Rules of the Civil Procedure.

8/9/2017 3:22:47 PM                          /s/ JOJO SCHWARZAUER              By: _____
*(Date)*                                        *(Signature of Clerk)*            *(Name)*

☑ Certified Mail is hereby requested.

/s/ PETE S. MACKEY                    JoJo Schwarzauer, Circuit Clerk
*(Plaintiff's/Attorney's Signature)*       MOBILE COUNTY-CIVIL DIVISION
                                      Mobile Government Plaza, Room C338
                                      205 Government Street
                                      Mobile, Alabama 36644-2936

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____
*(Date)*

_____    _____    _____
*(Type of Process Server)*          *(Server's Signature)*              *(Address of Server)*

                             _____    _____
                             *(Server's Printed Name)*           *(Phone Number of Server)*

ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>02<br><br>Date of Filing:<br>08/09/2017   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### SILVER SHIPS, INC. v. LOUIS T. CODEGA, P.E. ET AL

**First Plaintiff:** ☑ Business  ☐ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☑ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| MAC012 | 8/9/2017 3:22:27 PM | /s/ PETE S. MACKEY |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☑ YES ☐ NO ☐ UNDECIDED


ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**SILVER SHIPS, INC.**

     **Plaintiff,**

v.

**LOUIS T. CODEGA, P.E., an individual; CODEGA, NAVAL ARCHITECTS, P.C. and Fictitious Defendants, A, B, & C, being those persons or entities who negligently designed the vessels made the basis of this action; Fictitious Defendants, D, E, & F, being those persons or entities who negligently tested the design of the vessels made the basis of this action,**

     **Defendants.**

**Case No.**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

---

## COMPLAINT

1.    Plaintiff, **Silver Ships, Inc.** is a Alabama Corporation headquartered in Mobile County, Alabama and which, at all times pertinent hereto, were doing business in Mobile County, Alabama.

2.    Defendant **Louis T. Codega, P.E.,** an individual, is an adult citizen of Virginia, who, at all times pertinent hereto, was doing business in Mobile County, Alabama. Codega held himself out, to Silver Ships in particular and to the public in general, as being an able and skilled naval architect, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances, and that he was well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

3.    Defendant **Codega, Naval Architects, P.C.** is a professional corporation that, at

all times pertinent hereto, was doing business in Mobile County, Alabama.  Codega, Naval Architects, P.C. held itself out, to Silver Ships in particular and to the public in general, as being an able and skilled naval architectural firm, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances, and that it was well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

4.      Fictitious Defendants, A, B,  & C, whose name or identity is presently unknown, but will be added by amendment when ascertained, are adult citizens or entities who were involved in designing the vessels made the basis of this action. Fictitious Defendants held themselves out, to Silver Ships in particular and to the public in general, as being able and skilled naval architects, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances and that they were well able to render a proper and adequate design that would be in full compliance with each owner's specifications and intended use of the vessels made the basis of this action.

5.      Fictitious Defendants D, E. & F, whose name or identity is presently unknown, but will be added by amendment when ascertained, are adult citizens or entities who were involved in testing the design of the vessels made the basis of this action. Fictitious Defendants held themselves out, to Silver Ships in particular and to the public in general, as being able and skilled naval architects, possessing the same or higher level of care and skill required by the naval architecture profession generally under like and similar circumstances and that they were well able to conduct proper and adequate testing the design of the vessels made the basis of this action.

2

## FACTUAL ALLEGATIONS

6.    In the summer of 2015, Codega orally contracted with, and impliedly warranted to, Silver Ships to adequately and properly design two vessels that would be in full compliance with each customer's specifications and intended use. The first project - F47200 - was for the South Hampton (NY) Fire & Rescue Squad, which Silver Ships had been awarded a fixed price contract with in May of that same year.

7.    The Southampton vessel was to be used by the town's harbor police and was designed with a dive door on the side of the boat to recover people from the water. During the late summer and early fall, Codega designed and modeled the South Hampton vessel.

8.    Silver Ships was awarded a fixed price contract to build the second vessel - N47700 - by the USACE – Philadelphia (Corps) on November 13, 2015. Thereafter, Codega designed and modeled that vessel.

9.    For each boat project, Silver Ships had a series of discussions with Codega regarding the customer's specifications and usage requirements.

10.    In early January of 2016, the South Hampton vessel was sea trialed at the customer's location and both Silver Ships and the customer discovered that vessel did not properly operate for its intended use because of stability issues. Codega did not attend those sea trials.

11.    Silver Ships made Codega aware of the problem and Codega offered various suggestions for a solution. He suggested changes that resolved the instability issues while the vessel was running, did not render the vessel compliant with its intended use when it was not moving.

3

12.     In early February of 2016, after further testing, Silver Ships determined that the instability problems in the Southampton vessel could not be fixed and that it needed to be rebuilt. At its own expense, Silver Ships did so and delivered a vessel to the customer that met its specifications and was suitable for its intended use.

13.     During sea trials of the Corps vessel in late September of 2016, the vessel demonstrated maneuvering instability.  In addition, the vessel was not in compliance with the Coast Guard contract requirements for floatation instability.   This non-compliance was documented by Codega himself when he conducted an inclining experiment on October 3, 2016 in the waters off of Mobile County, Alabama.

14.     On October 12, 2016, the Coast Guard sent a cure notice to Silver Ships noting the vessel's maneuvering instability and its non-compliance with contract requirements for floatation and stability.  The Corps additionally noted that it did not find it acceptable to cure the problem by adding 1,400 lbs. of hull ballast because the vessel was designed to provide shallow draft and high speed stability.

15.     Thereafter, at its own expense, Silver Ships redesigned and rebuilt the Corps vessel.  To date, the vessel has not been accepted by the Corps.

## COUNT I

### (Architectural Mal-practice)

16.     Plaintiff adopts the averments contained in paragraphs 1 through 15 by reference as if fully set out herein.

17.     Codega and Codega, Naval Architects, P.C., as well as the Fictitious Defendants, were negligent in the design, testing and resolution process for the two vessels made the basis of

4

this action, as described above, such that the work fell below the level of reasonable care, skill and diligence as other similar situated naval architects in the same general line of practice ordinarily have exercised in like situations.

18.     As a direct and proximate cause of defendant's (including fictitious defendants) breaches of the standard of care, the breaches of the contracts with Silver Ships and the breaches of the implied warranties to Silver Ships, Silver Ships has been damaged in that it was required to redesign one vessel and rebuild both vessels at its own expense. In addition, Silver Ships lost the opportunity to pursue other projects while it was rebuilding both vessels.

19.     As a direct and proximate result thereof, Silver Ships was damaged described herein.

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its losses, plus interest and costs.

## COUNT II

### (Breach of Contract)

20.     Plaintiff adopts the averments contained in paragraphs 1 through 19 by reference as if fully set out herein.

21.     By failing to adequately and properly design the two vessels made the basis of this action in full compliance with each owner's specifications and intended use, defendants, including fictitious defendants, breached their contracts with Silver Ships.

22.     As a direct and proximate result thereof, Silver Ships was damaged as alleged herein.

5

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its damages, plus pre-judgment interest and costs.

## COUNT III

### (Breach of Warranty for a particular purpose)

23.     Plaintiff adopts the averments contained in paragraphs 1 through 22 by reference as if as if fully set out herein.

24.     By failing to adequately and properly design the two vessels made the basis of this action for their intended use defendants, including fictitious defendants, breached their implied warranties for a particular purpose.

25.     As a direct and proximate result thereof, Silver Ships was damaged as alleged herein.

Accordingly, Silver Ships request that the jury, upon consideration of this matter, award compensatory damages in an amount that they deem appropriate to compensate Silver Ships for its damages, plus pre-judgment interest and costs.

Respectfully submitted,

/s/ Peter S. Mackey
PETER S. MACKEY (MAC012)
Psmackey@bcmlawyers.com

**OF COUNSEL:**
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612/Facsimile (251) 432-0625

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

6

LOUIS T. CODEGA
64 Dashiell Drive
Smithfield, VA  23430


Codega, Naval Architects, P.C.
64 Dashiell Drive
Smithfield, VA  23430

Revised 4-1-99; 11-1-99; 11-3-05

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*Silver Ships Inc.*
_____
Plaintiff,

vs.

*Louis I. Codega P.E. et al.*
_____
Defendant,

CIVIL ACTION NO. CV-17-902118

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying.  The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence.  The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL EXPENSES**

a.   If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bills not timely exhibited to the other parties will jot be admitted in evidence at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

11.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the ____9th____ day of *August, 2017.*

_____
Presiding Judge John R. Lockett

# COPY

AVSO305

## ALABAMA JUDICIAL DATA CENTER
### MOBILE          COUNTY

### ORDER FOR SERVICE AND RETURN

CV 2017 902118.00
JAMES T. PATTERSON

--------------------------------------------------------------

IN THE CIRCUIT COURT OF   MOBILE        COUNTY

SILVER SHIPS, INC. V. LOUIS T. CODEGA, P.E. ET AL

SERVE ON:  D001


CODEGA, P.E. LOUIS T.
64 DASHIELL DRIVE

SMITHFIELD      ,VA  23430-0000


NOTES:
    YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE


--------------------------------------------------------------
TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
    YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
    TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
08/10/2017  DATE         CLERK: JOJO SCHWARZAUER        BY:
                                205 GOVERNMENT STREET
                                MOBILE  AL  36644-2936
                                (251)574-8420

--------------------------------------------------------------

 I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
    DOCUMENT IN _____ COUNTY, ALABAMA
    TO:

    _____          SIGNATURE OF SERVER
    _____
    _____
    NAME / ADDRESS ABOVE              DATE
--------------------------------------------------------------
OPERATOR: RUP
PREPARED: 08/10/2017

ELECTRONICALLY FILED
8/9/2017 3:22 PM
02-CV-2017-902118.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**SILVER SHIPS, INC.**

      **Plaintiff,**

**v.**

**LOUIS T. CODEGA, P.E.,** an individual;
**CODEGA, NAVAL ARCHITECTS, P.C.**
and Fictitious Defendants, A, B,  & C,
being those persons or entities who
negligently designed the vessels made the
basis of this action; Fictitious Defendants,
D, E, & F, being those persons or entities
who negligently tested the design of the
vessels made the basis of this action,

      **Defendants.**

**Case No.**

**TO BE SERVED WITH
COMPLAINT**

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS

---

Pursuant to Rule 26 and 33 of the *Alabama Rules of Civil Procedure*, Plaintiff **SILVER SHIPS, INC.** submits the following Interrogatories to Defendants **LOUIS T. CODEGA, P.E.,** and **CODEGA, NAVAL ARCHITECTS, P.C.** and requests that the Answers to these Interrogatories and Requests for Production be served in writing and under oath within the time provided by the *Alabama Rules of Civil Procedure*. Said responses to these Interrogatories are to be served upon Plaintiff's attorney of record, Peter S. Mackey, Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36653 on or before the expiration of time periods provided by the Alabama Rules of Civil Procedure.

### <u>INTERROGATORIES</u>

1.     Fully identify all persons who provided information or documents used in

answering these interrogatories, their address, job title and/or position, in answering to these responses.

**RESPONSE:**

2.      Please state if you have been properly named in the complaint.

**RESPONSE:**

3.      Identify each person involved in the design, testing or problem resolution processes of the vessels made the basis of this lawsuit.

**RESPONSE:**

4.      For each person identified in Interrogatory 3 above, describe their role in the such processes and identify all documents which evidence or reflect such role.

**RESPONSE:**

5.      Identify each person you expect to call as an expert witness at the trial of this cause by giving their name, present address and present employment.

        a.      State the subject matter on which such expert or experts are expected to testify.

        b.      State the substance, facts and opinions to which such expert or experts are expected to testify.

        c.      Set forth a summary of the grounds for each opinion of such expert or experts.

        d.      Set forth a list of books, treatises, articles or other works which such expert regards as an authoritative on the subject matter on which he or she is expected to testify.

**RESPONSE:**

6.    If you denied or failed to fully admit any allegation of the plaintiff's complaint then as to each such allegation please state the following:

   a.    What you contend to be the true facts with regard to that allegation.

   b.    Identify individuals who you have reason to believe have knowledge that support your denial or partial denial of that allegation.

   c.    Produce a copy of each document that in any way supports your version of the facts.

**RESPONSE:**

7.    As to any affirmative defense you have asserted, please state:

   a.    All facts upon which you rely in support of that affirmative defense.

   b.    Identify all individuals who you have reason to believe have knowledge that support your affirmative defense.

   c.    Produce documents that you have reason to believe support your affirmative defense.

**RESPONSE:**

8.    If you contend that Silver Ships did anything, or failed to do anything, that caused or contributed to its loss, describe in detail what Silver Ships did or did not do and identify all documents which evidence or reflect such contention.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

3

1.      Produce all documents identified in your interrogatory responses served herewith.

**RESPONSE:**

2.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to ISO 1227-1 completed before January 6, 2016.

**RESPONSE:**

3.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any other design standards completed before January 6, 2016. ·

**RESPONSE:**

4.      For the South Hampton vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any design standards  completed after January 6, 2016.

**RESPONSE:**

5.      For the Corps vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according to any design standards   completed before September 27, 2016.

**RESPONSE:**

4

6.      For the Corps vessel, produce all documents which evidence or reflect intact stability calculations done by the defendants according any design standards completed after September 27, 2016.

    **RESPONSE:**


7.      Produce all documents which evidence or reflect communications between the defendants, or any employees or representatives thereof, and Silver Ships.

    **RESPONSE:**


8.      Produce all documents which evidence or reflect communications between the defendants, or any employees or representatives thereof, and any third parties regarding the design, testing or resolution of issues related to either vessel made the basis of this action.

    **RESPONSE:**


9.      As to the South Hampton vessel, produce all documents which evidence or reflect weight estimates and loading condition calculations done by the defendant.

    **RESPONSE:**


10.     As to the Corps vessel, produce all documents which evidence or reflect weight estimates and loading condition calculations done by the defendant.

    **RESPONSE:**


11.     For each vessel, produce all plans and drawings prepared by the defendant.

    **RESPONSE:**

5

Respectfully submitted,


/s/ Peter S. Mackey
PETER S. MACKEY (MAC012)
Psmackey@bcmlawyers.com

**OF COUNSEL:**
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612/Facsimile (251) 432-0625

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**LOUIS T. CODEGA**
**64 Dashiell Drive**
**Smithfield, VA  23430**


**CODEGA, NAVAL ARCHITECTS, P.C.**
**64 Dashiell Drive**
**Smithfield, VA  23430**

6