IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SILVER SHIPS, INC., | ) | |
|     Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-00404-CG-N |
| | ) | |
| LOUIS T. CODEGA, P.E., *et al.*, | ) | |
|     Defendants/Counterclaimants. | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 2) and separate supporting memorandum (Doc. 3) filed by Defendants/Counterclaimants Louis T. Codega, P.E. ("Codega") and Louis T. Codega, Naval Architects, P.C. ("LTCNA, P.C.") (collectively, "the Defendants").[1] The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).  *See* S.D. Ala. GenLR 72(b); (7/14/2017 & 7/17/2017 electronic referrals).  Plaintiff Silver Ships, Inc. has timely filed a response (Doc. 10) to the motion, the Defendants have timely filed a reply (Doc. 11) to the response, and the motion is now under submission (*see* Doc. 5).  Upon consideration, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned **RECOMMENDS** that the claims against LTCNA, P.C. be **DISMISSED with prejudice** under Federal Rule of Civil Procedure 41(a)(2), that the motion to dismiss (Doc. 2) accordingly be found **MOOT** as to LTCNA, P.C., and that the motion to dismiss (Doc.

---

[1] The complaint identified the P.C. defendant as "Codega, Naval Architect, P.C." Based on representations in the Defendants' notice of removal that this was a misnomer by the plaintiff, the Court has ordered the P.C. defendant be identified as "Louis T. Codega, Naval Architects, P.C."   (*See* Doc. 12 at 1 n.1).

2) be **GRANTED** as to Codega.[2]

## I.    *Applicable Legal Standards*

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). " 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* (quoting

---

[2] This case was removed to this Court under 28 U.S.C. § 1441(a), with subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). The Defendants' notice of removal (Doc. 1) sufficiently alleges that Silver Ships is a citizen of Alabama, that the named Defendants are both citizens of Virginia, and that complete diversity of citizenship thus existed at the time of removal. The notice also plausibly alleges that the amount in controversy exceeds $75,000 exclusive of interests and costs. Silver Ships has not challenged these jurisdictional allegations, and the undersigned finds no cause to question them *sua sponte*.

*Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, … the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the plausibility standard, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." ' " *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2))). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

## II.   *The Complaint*

The undersigned finds that the complaint (Doc. 1-2 at 4 – 10) contains the following pertinent well-pleaded allegations, which are accepted as true for purposes of the present motion:

Codega is a naval architect by profession.  In the summer of 2015, Codega orally contracted with Silver Ships to design two vessels that would be in full compliance with each customer's specifications and intended use.  The first project was for the Southampton (NY) Fire & Rescue Squad, with which Silver Ships had been awarded a fixed price contract in May 2015.  The Southampton vessel was to be used by the town's harbor police and was designed with a dive door on the side to recover people from the water.  During the late summer and early fall of 2015, Codega designed and modeled the Southampton vessel.

The second project was for the USACE – Philadelphia (Corps), with which Silver Ships had been awarded a fixed price contract on November 13, 2015.  Thereafter, Codega designed and modeled that vessel as well.  For each boat project, Silver Ships had a series of discussions with Codega regarding the customer's specifications and usage requirements.

In early January 2016, the Southampton vessel was sea trialed at the customer's location, and both Silver Ships and the customer discovered that the vessel did not properly operate for its intended use because of stability issues.  Codega did not attend those sea trials but was made aware of the problem by Silver Ships and offered various suggestions for a solution.  The suggested changes

resolved the instability issues while the Southampton vessel was running but did not render the vessel compliant with its intended use when it was not moving. In early February 2016, after further testing, Silver Ships determined that the instability problems in the Southampton vessel could not be fixed and that it needed to be rebuilt. At its own expense, Silver Ships did so and delivered a vessel to the customer that met its specifications and was suitable for its intended use.

During sea trials of the Corps vessel in late September 2016, the vessel demonstrated maneuvering instability. It was also not in compliance with the Coast Guard contract requirements for floatation instability. This non-compliance was documented by Codega himself when he conducted an inclining experiment on October 3, 2016, in the waters off of Mobile County, Alabama. On October 12, 2016, the Coast Guard sent a cure notice to Silver Ships noting the vessel's maneuvering instability and its non-compliance with contract requirements for floatation and stability. The Corps also noted that it did not find it acceptable to cure the problem by adding 1,400 lbs. of hull ballast because the vessel was designed to provide shallow draft and high speed stability. Thereafter, at its own expense, Silver Ships redesigned and rebuilt the Corps vessel, but as of the filing of the complaint the Corps has not accepted the vessel.

Based on the foregoing factual allegations, Silver Ships filed a three-count complaint against the Defendants alleging the following causes of action:

- Count I – Architectural Malpractice, based on the Defendants' negligence "in the design, testing and resolution process for the two vessels…"

- Count II – Breach of Contract

- Count III – Breach of Warranty for a particular purpose, "[b]y failing to adequately and properly design the two vessels…for their intended use…" Silver Ships characterizes the alleged warranty as an implied warranty. (*See* Doc. 1-2 at 24, ¶ 6).

### III.  *Analysis*

The present motion requests dismissal under Rule 12(b)(6) of "Counts I and III of the Complaint as pled against Louis T. Codega, P.E. and the entirety of the Complaint as pled against Louis T. Codega, Naval Architect, P.C."  (Doc. 2 at 1).[3]  Thus, the motion does not pertain to the Count II claim against Codega.

#### a.    LTCNA, P.C.

In its response to the present motion, Silver Ships states that, "[a]fter reviewing Mr. Codega's Affidavit regarding the professional corporation (Doc. 4-1)[,[4]] Silver Ships agrees that all claims should be dismissed with prejudice as to" LTCNA, P.C.  (Doc. 10 at 3).  The Defendants note in their reply that "Silver Ships concedes that Counts I, II, and III of Silver Ships' Complaint should be dismissed against Louis Codega, Naval Architects, P.C…"  (Doc. 11 at 1).  Upon consideration, the

---

[3] The Defendants concede for purposes of the present motion that "Silver Ships' Complaint manages to state a legally cognizable claim for breach of contract against Louis T. Codega, P.E…"  (Doc. 3 at 9).

[4] The affidavit, attached to the Defendants' answer and counterclaim (Doc. 4), avers that Codega "was the sole shareholder and director" of LTCNA, P.C., that the entity "was terminated on June 1, 1999, and its corporate existence was purged from the records of the Virginia State Corporation Commission on June 30, 2004."  (Doc. 4-1 at 2 – 3).  A certificate from the Virginia State Corporation Commission confirming the status of LTCNA, P.C. is attached to the affidavit.  (*Id.* at 4).

undersigned **RECOMMENDS** that Silver Ships's response be construed as an unopposed motion to voluntarily dismiss its complaint with prejudice as to LTCNA, P.C. under Federal Rule of Civil Procedure 41(a)(2) and that, so construed, the Rule 41(a)(2) motion be **GRANTED**. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant…"). Accordingly, the Defendants' motion (Doc. 2) is due to be found **MOOT** as to LTCNA, P.C.

### b. Codega

#### 1. Breach of Warranty (Count III)

Codega argues that Count III fails to state a viable claim because a cause of action for breach of implied warranty for a particular purpose applies only to sales of "goods" under Alabama law,[5] while Codega only provided "services" to Silver Ships

---

[5] "In a diversity action such as this one, a federal court must apply the choice-of-law principles of the state in which it sits." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). "Alabama law follows the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*. Under the principles of *lex loci contractus*, a contract is governed by the law of the jurisdiction within which the contract is made. Under the principle of *lex loci delicti*, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009) (citations and footnote omitted). "[T]he place of injury is in the state where the fact which created the right to sue occurs." *Ex parte U.S. Bank Nat. Ass'n*, 148 So. 3d 1060, 1070 (Ala. 2014).

The allegations in the complaint plausibly indicate that Alabama was the state where Silver Ships's injury occurred for purposes of *lex loci delicti*, but it is not clear where the oral contract was "made" for purposes of *lex loci contractus*. However, the Defendants have argued that Alabama law applies to all of Silver Ships's claims, and Silver Ships does not argue for application of any other jurisdiction's law in its response. Accordingly, the undersigned will apply Alabama law to Silver Ships's claims for purposes of the present motion. *Cf. Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 695 (11th Cir. 2016) ("Because no party has challenged

in designing and modeling the subject vessels. Having considered the authority cited by Codega, the undersigned agrees. *See* Ala. Code §§ 7-2-102 ("Unless the context otherwise requires, this article applies to transactions in goods…"); 7-2-105(1)-(2) (" 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action…Goods must be both existing and identified before any interest in them can pass."); 7-2-315 (providing a cause of action for "implied warranty: fitness for particular purpose" where "the seller at the time of contracting has reason to know any particular purpose for which the **goods** are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable **goods**…" (emphasis added)). In its response, Silver Ships also "agrees that the claim for breach of warranty against Codega, individually, is due to be dismissed." (Doc. 10 at 3). Accordingly, the undersigned finds that the Defendants' Rule 12(b)(6) motion to dismiss is due to be **GRANTED** in favor of Codega as to Count III.[6]

### 2.     Architectural Malpractice (Count I)

Codega argues that Count I fails to state a viable claim against him because

---

the choice of New York libel law, all are deemed to have consented to its application." (quotation omitted)).

[6] The Court cannot construe Silver Ships's concession on Count III as a Rule 41(a)(2) motion to voluntarily dismiss that claim. Rule 41(a) " 'speaks of voluntary dismissal of "an action," not a claim.' *State Treasurer v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999). Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay*, 376 F.3d at 1106.

"[t]he Code of Alabama does not provide a civil cause of action for 'Architectural Mal-practice.'" (Doc. 3 at 7). More specifically, Codega's position is as follows:

> [T]he only cause of action against professional architects, contractors, or engineers provided for by the Code of Alabama is under Article 13A, a subsection of Article 13, which applies to real property actions. *See* Ala. Code. § 6-5-220 *et seq*. Section § 6-5-223 of Article 13A sets out the general applicability of the article, and it does not apply to naval architects or vessels. *See* Ala. Code § 6-5-223 ("Where construction was completed but no civil cause of action accrued prior to February 25, 1994, this article shall apply to the construction of the improvement on or to real estate . . . ."). Because Codega was not an architect or engineer providing his services applicable to construction of the improvement on or to real estate, this cause of action is facially inapplicable and cannot apply to the present case.

(*Id.* at 7 – 8). Alternatively, Codega argues that, "[i]n the event Silver Ships intended 'Architectural Mal-practice' to actually mean a claim for negligent design, then it has both failed to plead it properly and failed to provide facts in support of it." (*Id.* at 8).

In response, Silver Ships concedes that Count I is not a statutorily based claim and is instead "a claim for professional negligence" (Doc. 10 at 2), but argues that it has pleaded sufficient facts to plausibly state a "professional negligence" claim. In his reply, Codega takes the position that Silver Ships is attempting to "create a new cause of action whereby naval architects may be held liable for 'professional negligence[.]'" (Doc. 11 at 2 (alteration added)). For the first time, Codega argues that, in enacting Ala. Code. §§ 6-5-220 through -228, the Alabama legislature intended that article to provide the sole cause of action against architects and engineers for claims of malpractice, and that it intended to limit such cause of

action to work relating to real estate. Thus, Codega reasons, "[b]y negative implication, [the legislature] chose to exclude, *inter alia*, naval architects from the statutory remedy it elected to provide." (Doc. 11 at 3). Alternatively, Codega reiterates and expands upon his argument that Silver Ships has failed to adequately plead its claim in Count I under the *Twombly/Iqbal* "plausibility" standard, *see supra*.

In Alabama, "[a]n architect or an engineer is generally liable for foreseeable consequences of the failure to exercise reasonable care in preparation of architectural designs." Ally Windsor Howell*, 1 Ala. Pers. Inj. & Torts* § 8:2 (2017 ed.). The undersigned finds that Count I substantively asserts such a claim against Codega, with "architectural malpractice" referring to Codega's alleged "failure to exercise reasonable care." *See* (Doc. 1-2 at 7 – 8, ¶ 17 ("Codega…w[as] negligent in the design, testing and resolution process for the two vessels…, such that the work fell below the level of reasonable care, skill and diligence as any other similar situated naval architects in the same general line of practice ordinarily have exercises in like situations."); *Malpractice*, Black's Law Dictionary (7th ed. 1999) ("An instance of negligence or incompetence on the part of a professional…Also termed *professional negligence*."). The undersigned disagrees with Codega's assertion that Ala. Code. § 6-5-220, *et seq.*, created any cause of action against architects and engineers, much less an exclusive one. *See* Ala. Code § 6-5-224 ("This article shall not be construed to create any cause of action against, or impose any liability on, or revive any cause of action barred under existing law against any

architects, engineers, or builders, or any licensed real estate brokers or salesmen, or any other persons."). Rather, that article was enacted to provide a new statute of limitations and statute of repose for claims against architects and engineers. *See Mitchell v. Richmond*, 754 So. 2d 627, 629 (Ala. 1999) ("Act No. 94–138, Ala. Acts 1994, imposed a new 2–year statute of limitations and a new 13–year statute of repose on all causes of action in tort or contract against architects or engineers. The Act is codified at §§ 6–5–220 to 6–5–228, Ala. Code 1975, and its provisions apply to causes of action accruing on or after February 25, 1994. § 6–5–223.").

However, the undersigned agrees that Silver Ships has failed to allege sufficient facts plausibly showing at least two necessary elements for a claim of negligence under Alabama law: that Codega breached his duty of reasonable care, and any such breach was the proximate cause of Silver Ships's injuries. *See, e.g.*, *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (per curiam) (" 'The elements of a negligence claim are a duty, **a breach of that duty, causation**, and damage.' " (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)) (emphasis added). Construed in the light most favorable to Silver Ships, the well-pleaded allegations demonstrate the following: (1) that Codega contracted with Silver Ships to design two vessels that complied with customer specifications and intended use (*see* Doc. 1-2 at 6, ¶ 6), (2) that Silver Ships made Codega aware of "the customer's specifications and usage requirements" for each vessel (*id.*, ¶ 9), (3) that Codega "designed and modeled" both of the subject vessels (*see id.*, ¶¶ 7 – 8), and (4) that both completed vessels were discovered to be defective during sea trials and

other testing (*see id.* at 6 – 7, ¶¶ 10 – 14).

At most, these allegations show only that Codega was involved in the creation of the two subject vessels, and that each of the vessels was discovered to be defective in some way after completion. However, Silver Ships fails to offer factual allegations plausibly showing that Codega breached his duty to exercise reasonable care in designing and modeling the vessels, or that plausibly link any of Codega's actions, negligent or otherwise, to the defects identified by Silver Ships. Absent such allegations, the complaint does not permit this Court to infer "more than the mere possibility of misconduct" by Codega. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2).") That is, while it is possible, under the complaint's well-pleaded factual allegations, that the vessels' defective conditions were due to Codega's actions, it is also just as possible that they had some other cause, such as defects in the building process, or defects in the materials used. And while it is possible, under those same well-pleaded allegations, that Codega failed to exercise a reasonable standard of care in designing and/or modeling the vessels, it is also just as possible that Codega faithfully executed flawed customer specifications and requirements, or that the defects would have occurred in spite of Codega's use of reasonable care.[7]

---

[7] Codega also appears to assert that Silver Ships should not be permitted to pursue a malpractice/professional negligence claim against him because it is already pursuing a breach of contract claim against him in Count II. Codega fails to cite

Accordingly, the undersigned finds that the Defendants' Rule 12(b)(6) motion to dismiss is due to be **GRANTED** in favor of Codega as to Count I.

### IV.  *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. That the Court construe Silver Ships's response (Doc. 10) as an unopposed motion to voluntarily dismiss its complaint with prejudice as to LTCNA, P.C. under Federal Rule of Civil Procedure 41(a)(2), **GRANT** said Rule 41(a)(2) motion, and **DISMISS with prejudice** Silver Ships' complaint against LTCNA, P.C.;

2. That the Court accordingly find the Defendants' Rule 12(b)(6) motion (Doc. 2) **MOOT** as to LTCNA, P.C.; and

3. That the Court **GRANT** the Defendants' Rule 12(b)(6) motion (Doc. 2) as to Codega and **DISMISS** Counts I and III against him **with prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1);

---

any authority indicating that the one claim necessarily excludes the other. Regardless, the Federal Rules of Civil Procedure permit complaints to set out "2 or more statements of a claim…alternatively or hypothetically," and to "state as many separate claims…as [a plaintiff] has, regardless of consistency."  Fed. R. Civ. P. 8(d)(2)-(3).   Thus, Codega is due no relief on this argument.

Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of October 2017.

>  /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**