# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SILVER SHIPS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 17-0404-CG-N |
| | ) | |
| LOUIS T. CODEGA, P.E., an individual, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to amend complaint (Doc. 32), and Defendant's objection thereto (Doc. 34). For reasons explained below, the Court finds that Plaintiff's motion to amend should be denied.

Plaintiff seeks to amend its complaint to add a claim for "negligent design." The claim alleges that Plaintiff was damaged as a direct and proximate cause of the following:

> 16.  Codega was negligent in the design, testing and resolution process for the two vessels made the basis of this action … such that the work fell below the level of reasonable care, skill and diligence as other similar situated naval architects/boat designers in the same general line of practice ordinarily have exercised in like situations and was negligent in failing to advise Silver Ships of his concerns about the design criteria for each vessel before Silver Ships began construction.

(Doc. 32-1, p. 5).  The claim simply restates Plaintiff's "Architectural Mal-practice" claim which this Court previously dismissed with prejudice. (Docs. 18, 27).  The fact that the claim was dismissed "with prejudice" in and of itself would militate against

any determination by this Court that the claim was revivable. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1505 (11th Cir. 1990) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action."); *Plumberman, Inc. v. Urban Sys. Dev. Corp.*, 605 F.2d 161, 162 (5th Cir. 1979 ("a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." citation omitted).

Even if this Court were inclined to reconsider the dismissal <u>with prejudice</u>, the Court finds that the proposed amendment is futile. As Defendant points out,[1] the alleged tort arises out of a contract. The factual allegations of the complaint offered to support Plaintiff's negligence claim assert that Plaintiff breached his duty off care as follows:

> 5. Codega negligently designed the South Hampton vessel such that it did not meet the purchaser's stability requirements in that it was not stable at rest. Because of the negligent design, there was no way to "fix" the problem by redistributing the weight of the vessel in a manner that would bring in into conformity with the purchaser's design criteria ands/or usage criteria. Codega acknowledged after the fact that he had had concerns about whether the vessel could be designed to meet the required criteria.
>
> * * * *
>
> 8. Codega negligently designed the Corps' vessel such that it did not meet the purchaser's maneuvering and floatation stability requirements. Codega's own calculations after the fact bear this out.

---

[1] The Court notes that Defendant failed to cite to any authority or to further explain his contention that the claim cannot be maintained because it arises out of a contract. Nevertheless, the Court is aware of the general rule in Alabama that the failure to perform a contractual obligation will not sustain an action sounding in tort and is aware of the rule's exceptions. Accordingly, the Court will discuss the rule's application to this case.

Because of the negligent design, there was no way redistribute the weight of the vessel in a manner that would bring in into conformity with the Corps' design criteria ands/or usage criteria.

(Doc. 32-1, pp. 2-3). Plaintiff's allegation is that Defendant did not design the two vessels in a manner that would allow the purchaser's design criteria and usage criteria to be met. The duty Defendant allegedly breached under the negligence claim is the same duty the complaint alleges Defendant breached under the contract. The complaint alleges that Defendant contracted with Plaintiff "to adequately and properly design two vessels that would be in full compliance with each customer's specifications and intended usage requirements." (Doc. 32-1, ¶ 3). The general rule in Alabama is that the mere failure to perform a contractual obligation will not sustain an action sounding in tort. *See, e.g., Barber v. Business Prods. Ctr., Inc.*, 677 So. 2d 223, 228 (Ala. 1996) (providing that "a mere failure to perform a contractual obligation is not a tort"), overruled on other grounds by *White Sands Group, LLC v. PRS II, LLC*, 32 So. 3d 5 (Ala. 2009); *Sims v. Etowah Cnty. Bd. Of Ed.*, 337 So. 2d 1310, 1313 (Ala. 1976), overruled on other grounds by *Ex parte Hale Cnty. Bd. Of Educ.*, 14 So. 3d 844 (Ala. 2009).

There are recognized exceptions to the rule that failure to perform under a contract will not give rise to an action in tort. While "an ordinary breach of contract will not give rise to a tort," "[i]t is possible for a tort to arise in Alabama out of a breach of a duty implied by or arising out of a contract." *Brown-Marx Assocs., Ltd. v. Emigrant Sav. Bank*, 703 F.2d 1361, 1371 (11th Cir. 1983) (citation omitted). In *Brown-Marx* the Court found there was no actionable tort because the claim alleged

a violation of an obligation "plainly set out in the contract itself." *Id.* "The *Brown–Marx* panel distinguished between claims for breach of an obligation expressly set forth in the contract (which are not actionable in tort under Alabama law) and claims for breach of a duty implied by or arising out of the contract (which may be actionable in tort)." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455, at *14 (S.D. Ala. April 1, 2008) (citing *Brown–Marx*, 703 F.2d at 1371). Here, the proposed amended complaint alleges Defendant was negligent for breaching the duty to do precisely what he allegedly contracted to do – "to adequately and properly design two vessels that would be in full compliance with each customer's specifications and intended usage requirements." Plaintiff's allegations confirm that the alleged tort arose out of the agreed terms of the contract. Accordingly, the Court finds that Plaintiff cannot maintain the proposed negligent design claim and that the proposed amendment would be futile.

### CONCLUSION

Plaintiff's motion to amend complaint (Doc. 32), is **DENIED**.

**DONE** and **ORDERED** this 10th day of August, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE